UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH-JOSEPH OUIMET,

Plaintiff,

v.

ENGAGE3 HOULDINGS, et al.,

Defendants.

No. 2:26-cv-3560 DAD AC (PS)

FINDINGS AND RECOMMENDATIONS

I. BACKGROUND

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned for pretrial purposes by Local Rule 302(c)(21). Plaintiff filed a motion for a temporary restraining order in this putative ERISA action. ECF No. 3. The District Judge referred the motion to the undersigned for findings and recommendations. ECF No. 4. For the reasons that follow, the undersigned recommends the motion be DENIED.

II. ANALYSIS

Emergency relief such as a temporary restraining order is an extraordinary measure that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P.

65(b)(1)(A). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given ...." E.D. Cal. R. 231(c). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Here, plaintiff's motion fails because plaintiff has not identified a risk of irreparable harm. Indeed, the motion reads more as a request for discovery than for a temporary restraining order: it asks the court to order Engage3 Holdings, Inc. to produce "plan instruments, preserve administrative records, and transmit the produced governing documents to Mutual of Omaha Insurance Company" so that plaintiff may pursue his Long-Term Disability benefits. ECF No. 3 at 1. Plaintiff alleges that the "immediate injury is procedural and informational: he cannot know or satisfy the plan's controlling claim requirements, evaluate deadlines and limitations provisions, or present the claim under the actual contract while governing instruments remain withheld." Id. at 4. Though plaintiff makes the conclusory assertion that later monetary damages could not compensate for harm resulting from defendant's non-production of documents, he does not explain this conclusion, and the court is unpersuaded that any harm would indeed be irreparable. Plaintiff's motion does not present circumstances that warrant emergency relief, and accordingly, the motion should be denied.

Moreover, and as an independent basis for denying the motion, plaintiff cannot at this time demonstrate the likelihood of success on the merits that is a prerequisite for preliminary injunctive relief. See Winter, supra. The complaint has been screened by separate order issued contemporaneously with these Findings and Recommendations. The undersigned found the complaint to be non-compliant with Rule 8 of the Federal Rules of Civil Procedure, such that the court cannot determine whether it presents any legally sufficient claims for relief. Plaintiff has been granted an opportunity to submit an amended complaint that complies with the "short and plain statement" requirement of Rule 8. Because there is currently no complaint before the court which states cognizable claims, plaintiff cannot establish a likelihood of success on the merits.

III. CONCLUSION

Accordingly, IT IS RECOMMENDED that plaintiff's emergency motion (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE