UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH-JOSEPH OUIMET,<br>Plaintiff,<br>v.<br>ENGAGE3 HOLDINGS, INC., et al.,<br>Defendants. | No. 2:26-cv-3560 DAD AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed with IFP status (ECF No. 2) is therefore GRANTED.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff has filed a 221-page complaint, inclusive of many exhibits, against one corporate defendant and 10 individual defendants in this action brought under the Employee Retirement Income Security Act ("ERISA"). ECF No. 1 at 1. Plaintiff alleges that he is the former Chief Executive Officer of Engage3 Holdings, Inc., and a beneficiary of Engage3's employer-sponsored group disability benefit plan insured by Mutual of Omaha Insurance Company. Id. at 4. Plaintiff seeks to recover his long-term disability ("LTD") benefits and enforce his statutory rights under ERISA, holding defendants personally liable for breaches of fiduciary duty under ERISA. Id. at 4-5. Plaintiff also seeks deferred compensation from Engage3, which he alleges Engage3 agreed to but never paid, and challenges certain deductions taken by Engage3 related to the outstanding pay. Id. at 5-8. Plaintiff alleges that defendants have unlawfully refused to produce plan documents, provide shareholder records, restore governance participation, respond to shareholder demands, and disregarded his written communications against the backdrop of his active ERISA benefit claims. Id. Plaintiff contends that defendants have failed to produce files necessary to his ERISA claims. Id. at 10.

Plaintiff alleges verbal promises regarding his company leadership were broken. Id. at 13-14. Plaintiff alleges that as a former employee and company leader, he is entitled to financial disclosures and information that has not been shared with him, in violation of defendants' fiduciary duties. Id. at 15. Plaintiff alleges he was not properly credited with an invention that resulted in a patent for Engage3, and his contributions were erased from the website, which is an adverse action. Id. at 16. On March 26, 2026, plaintiff submitted a formal Notice of Dishonor and Protest to defendants Edris Bemanian, Time Ouimet, and Adi Gulati, documenting a pattern

of bad faith conduct. Id.

Plaintiff asserts seven causes of action: (1) violation of ERISA §502(a)(1)(B) against Engage3 Holdings; (2) ERISA civil action penalties under §502(c)(1)(B) against Engage3 Holdings; (3) interference with protected ERISA rights against all defendants; (4) equitable relief under ERISA §502(a)(3); (5) breach of fiduciary duty under ERISA §404-405 against all defendants; (6) deferred wages and unpaid compensation in violation of California Labor Code §§200; (7) attorneys fees and costs under ERISA §502(g). ECF No. 1 at 18-29. Plaintiff includes and incorporates 22 exhibits, including communications between himself and defendants, several of his own affidavits, and other documents. Id. at 30-221.

C. Analysis

Plaintiff's complaint cannot be served at this time because the complaint fails to comply with Fed. R. Civ. P. 8. Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief" and clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Failure to submit a complaint that complies with Rule 8 may lead to dismissal. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. [Rule 8's requirement that] each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

Here, the complaint is excessively long and confusingly drafted, in contravention of Fed. R. Civ. P. 8. Plaintiff's general grievances with Engage3 regarding his employment and his treatment post-employment are entangled with his ERISA claims in a manner that makes his claims difficult to decipher. Plaintiff will find instructions below on how to draft a complaint that

complies with Rule 8.

Plaintiff's complaint also fails under Fed. R. 12(b)(6) because it is unclear that plaintiff can state a claim upon which relief can be granted. ERISA regulates any "employee benefit plan" that is "established or maintained" by an "employer engaged in ... any industry or activity affecting commerce." 29 U.S.C. § 1003(a), (a)(1). The term "employee benefit plan" includes any employer-established or-maintained insurance plan providing "benefits in the event of ... disability." See 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan"); id. § 1002(3) (defining the term "employee benefit plan" to include any "employee welfare benefit plan"). "Under ERISA § 502(a)(1)(B), a civil action may be brought by an ERISA plan participant or beneficiary seeking to 'recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1050–51 (9th Cir. 1999), citing 29 U.S.C. § 1132(a)(1)(B).

The Ninth Circuit has held that "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits. Suits under § 1132(a)(1)(B) to recover benefits may be brought 'against the plan as an entity and against the fiduciary of the plan.'" Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1297 (9th Cir. 2014) (quoting Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998)). "As relevant here, ERISA defines a 'fiduciary with respect to a plan' to include a person who 'exercises any discretionary authority or discretionary control respecting management of such plan' or 'has any discretionary authority or discretionary responsibility in the administration of such plan.'" King v. Blue Cross & Blue Shield of Illinois, 871 F.3d 730, 745 (9th Cir. 2017) (quoting 29 U.S.C. § 1002(21)(A)).

It is unclear from the complaint whether plaintiff is suing the correct defendants. Plaintiff names 10 individuals as defendants and characterizes them as "fiduciaries," but identifies them only as leaders of Engage3: Edris Bemanian as the CEO and Director, Tim Ouimet as Co-

Founder and Director, Gary Clarke as Interim CFO, and the remaining defendants as "Directors." ECF No. 1 at 2-3. It is not clear from the allegations in the complaint that these individuals exercise any authority or control over plan management. It is not enough to make the conclusory statement that all of these individuals fiduciaries. To be a fiduciary, they must have some control over the plan at issue. Plaintiff must do more than simply allege their general involvement with leadership in Engage3.

Finally, "[a]s a general rule, an ERISA claimant must exhaust available administrative remedies before bringing a claim in federal court." Barboza v. Cal. Ass'n of Prof'l Firefighters, 651 F.3d 1073, 1076 (9th Cir.2011). Although plaintiff does indicate that he attempted to address his wage claims through the administrative process (ECF No. 1 at 30), it is unclear where and how he has engaged or attempted to engage in the administrative process with respect to his ERISA claims before coming to federal court. For each of these reasons, the complaint is rejected for service at this time, but plaintiff will be given an opportunity to file an amended complaint.

## II. Leave to Amend

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of venue in this district. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should

contain only those facts needed to show how the defendant legally wronged the plaintiff. Further, plaintiff should separate allegations related to his ERISA claims from other generalized grievances he has with Engage3.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Pro Se Plaintiff's Summary**

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint whether a legal claim can be stated because the complaint contains too much information and it is not clearly written. Because the complaint as written does not comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), it will not be served on defendants. Further, you name 10 individual defendants as fiduciaries under ERISA, but it is not clear that these individuals have any control over the ERISA plan, so it is unclear that they are proper defendants. Finally, it is not clear whether or not you have engaged in administrate processes regarding your ERISA claims.

You are being given 30 days to submit an amended complaint complying with the Federal Rules of Civil Procedure. If you submit an amended complaint, it needs to state in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE